IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAS MFG INC. and ALLAN D. BAIN,<br><br>Plaintiffs,<br><br>v.<br><br>SAFE LIFE DEFENSE LLC, and NICHOLAS GROAT,<br><br>Defendants. | Case No.: 4:24-cv-002923 |

**DEFENDANT SAFE LIFE DEFENSE LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2)**

Defendant Safe Life Defense LLC ("Safe Life"), through undersigned counsel, hereby submits its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), respectfully moving this Court for dismissal of Plaintiffs' First Amended Complaint for Violation of the Lanham Act (ECF No. 10) due to a lack of personal jurisdiction over Safe Life in Texas. As demonstrated below, this Honorable Court should dismiss the action for lack of personal jurisdiction because Plaintiffs have not alleged any basis to exercise general or specific personal jurisdiction over Safe Life—nor does any such basis exist.

This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Nicholas Groat attached hereto as **Exhibit 1** ("Groat Decl."), the pleadings and papers filed in this action, and any further argument and matters as may be permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The only connection between this lawsuit and the State of Texas is that Plaintiffs reside

and/or are domiciled here. (ECF No. 10, ¶ 9.) This is woefully insufficient to support the exercise of personal jurisdiction over Safe Life, a Nevada limited liability company having a principal place of business in Nevada. (ECF No. 10, ¶ 10.)

Safe Life is "at home" in the State of Nevada, and, as such, is not subject to general personal jurisdiction in Texas. As for specific personal jurisdiction, nothing alleged in Plaintiffs' First Amended Complaint arises from any contacts that Safe Life has had with the State of Texas or any purposeful availment to the privileges of acting in Texas. In fact, although Plaintiffs' First Amended Complaint expressly alleges subject matter, supplemental, and diversity jurisdiction, it is completely silent as to this Court's exercise of personal jurisdiction over Safe Life. (ECF No. 10 at ¶¶ 12-13.) The First Amended Complaint is entirely void of any factual allegation taking place in or otherwise related in any way to Texas. (*See generally*, ECF. No. 10.)

Exercising personal jurisdiction over Safe Life in Texas would offend traditional notions of fair play and substantial justice. Fundamental principles of due process do not allow the exercise of jurisdiction over Safe Life in Texas in this case, where there is no connection between Plaintiffs' cause of action and any contacts Safe Life has in Texas. This case should be dismissed.

## II.   BACKGROUND

Plaintiffs SAS MFG INC. and ALLAN D. BAIN (collectively, "Plaintiffs") allege they are direct competitors of Safe Life in the body armor, ballistic plates, and tactical gear industry. Over the years, Plaintiffs and Safe Life have had numerous contentious encounters, primarily involving Plaintiffs' false accusations of patent infringement and false and derogatory public statements made to harm Safe Life's marketplace success. Recently, the parties entered into a commercial agreement that would seemingly heal the wounds between the companies. Unfortunately, Plaintiffs breached the agreement almost immediately and the agreement is presently the subject of a

separate litigation.[1] Plaintiffs bring the instant suit merely as a means to harass Safe Life, its highly successful competitor, to cause Safe Life to incur additional expense, and to further disseminate Plaintiffs' derogatory statements about Safe Life.

Regardless, Safe Life did not undertake any action that in any way involved the State of Texas in this case and as such, the case must be dismissed for lack of personal jurisdiction. **Ex. 1,** Groat Decl. at ¶ 11.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) mandates dismissal of an action if the court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). A federal court may exercise personal jurisdiction over nonresident defendants only when: (1) the state's long-arm statute permits it; and (2) the exercise of jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024). The Texas long-arm statute is co-extensive with the federal due process clause, thus, "the two-step inquiry reduces to only the federal due process analysis." *Id.* (quoting *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 539 (5th Cir. 2019)).

There are two types of personal jurisdiction: general and specific. A court may assert general jurisdiction only where a party's "affiliations with the State are so 'continuous and systematic' as to render them essentially <u>at home</u> in the forum State." *Goodyear Dunlop Tires*

---

[1] That action, filed in Texas state court (wrongfully removed to federal court by SAS, with a motion to remand pending) pursuant to a mandatory venue provision, involves a license from SAS to Safe Life of intellectual property (which SAS immediately breached) having no connection to the claims asserted in this action. As such, they cannot give rise to jurisdictionally relevant minimum contacts for this action as the claims here do not arise out of that contract dispute. *Litvinov v. Bowtech, Inc.*, 701 F. Supp. 3d 618, 622 (S.D. Tex. 2023) ("A court may exercise specific jurisdiction when the 'nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.'")

*Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011) (emphasis added). General jurisdiction extends to "any and all claims" brought against a defendant. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear*, 564 U.S. at 919).

Specific personal jurisdiction is narrower, attaching only when there is a "sufficient connection between a defendant's forum-related contacts and a plaintiff's causes of action." *Shambaugh*, 91 F.4th at 372 (citing *Ford Motor Co.*, 592 U.S. at 358–60). To determine whether specific jurisdiction exists, courts apply a three-step test, which asks:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020) (quoting *Monkton Ins. Servs., Ltd. v. Ritter,* 768 F.3d 429, 433 (5th Cir. 2014)). "If a plaintiff establishes the first two prongs, the burden shifts to the defendant to show that the exercise of personal jurisdiction would be unfair or unreasonable." *Id*.

In this case, Plaintiff has not established the first two prongs, because Plaintiffs' First Amended Complaint contains no allegations whatsoever as to personal jurisdiction over Safe Life—because no such truthful allegations exist.

### III.   ARGUMENT

A.   **Safe Life, a Nevada Limited Liability Company with a Principal Place of Business in Nevada, Is Not Subject to General Personal Jurisdiction in Texas.**

A corporate entity is not subject to general personal jurisdiction unless its contacts with a specific forum are so pervasive as to render it virtually "at home" in that state. *Goodyear*, 564

U.S. at 915.  A company's place of incorporation and principal place of business are generally the only places where the corporation is deemed "at home," and these places are considered the "paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014).  Only in an exceptional case will general jurisdiction be established in a forum state outside the company's state of incorporation or principal place of business.  *Id*. at 761 n. 19.  See also *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (exceptional case must exist to exercise jurisdiction over corporation anywhere other than the company's principal place of business or place of incorporation).

To be clear, "[a] corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests before specific jurisdiction evolved in the United States." *Daimler AG*, 571 U.S. at 762 n.20.  In other words, the "breadth" of general personal jurisdiction "imposes a correlative limit: Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction." *Ford Motor Co*., 592 U.S. at 358 (citing *Daimler AG*, 571 U.S. at 137).  *See, e.g*., *BNSF Ry. Co*., 137 S. Ct. 1558 (not an "exceptional case" permitting general jurisdiction over defendant railroad company in Montana, where defendant was neither incorporated nor headquartered in Montana, despite maintaining over 2,000 miles of railroad track and over 2,000 employees in Montana).

General jurisdiction does not "focu[s] solely on the magnitude of the defendant's in-state contacts. General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Daimler AG,* 571 U.S. at 139 n. 20; *see also Ranza v. Nike, Inc.,* 793 F.3d 1059, 1070 (9th Cir. 2015) ("the general jurisdiction inquiry examines a corporation's activities worldwide—not just the extent of its contacts in the forum state—to determine where it can be rightly considered at home.").

Here, as explained, Safe Life is a Nevada limited liability company with a principal place of business in Nevada. **Ex. 1,** Groat Decl. at ¶ 4. Safe Life does not maintain any physical offices or locations in Texas. *Id*. at ¶ 5. Safe Life does not own or rent any real property in Texas. *Id.* at ¶ 6. It does not have any agents for service of process and is not registered to do business in this State. *Id.* at ¶ 7. Safe Life does not manufacture its goods in Texas. *Id.* at ¶ 8. Safe Life has 86 employees, none of which live or work in Texas. *Id*. at ¶ 9. Safe Life did not take any action that in any way involved the State of Texas in this case. *Id.* at ¶ 11. Safe Life's only contacts with Texas is that some retailers within the State sell its products, but this alone is insufficient to convey personal jurisdiction. *See Daimler AG*, 571 U.S. at 762 n.20.

Simply put, there is nothing about Safe Life's business and operations that render Safe Life effectively "at home" in Texas. For these reasons, Safe Life is not subject to general personal jurisdiction in Texas because it cannot be deemed "at home" in Texas.

  **B.** **Safe Life Is Not Subject to Specific Personal Jurisdiction in the State of Texas in this Action.**

To establish specific personal jurisdiction, the plaintiff must show how the claims "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co*., 592 U.S. at 359. "In order for an exercise of personal jurisdiction to be consistent with due process, the nonresident defendant must have some minimum contact with the forum which results from an <u>affirmative act</u> on the part of the nonresident." *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (emphasis added). To invoke claim specific jurisdiction over a defendant, defendant's ties to the forum must be ties that "the defendant [itself]" <u>purposefully</u> forged. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021)

Plaintiffs' First Amended Complaint wholesale fails to allege even one single fact, which when accepted as true, would establish that Safe Life purposefully directed any activities at the

State of Texas or that the cause of action asserted arises out of or is related to those activities. As noted, Plaintiffs' First Amended Complaint fails to assert any basis for personal jurisdiction at all. Accordingly, Plaintiff has not established a *prima facie* case of specific personal jurisdiction.

Even if Plaintiffs did allege personal jurisdiction was proper here, which they did not, even if taken as true, none of the facts set forth in the First Amended Complaint are alleged to have any connection to Texas whatsoever, let alone any affirmative act in in this State related to Plaintiffs claim. Plaintiffs' singular cause of action is for purported violations of Section 43(a) of the Lanham Act arising from allegedly inaccurate and laudatory statements made in product descriptions/advertisements on Safe Life's website at www.safelifedefense.com. (ECF No. 10, ¶¶ 14-20; ECF No. 10, Exhibits 3, 6 & 6A, and 8.) Safe Life's website, and the statements and product advertising contained thereon, are directed at the entire world, and certainly not specifically at Texas. *Id*. at ¶ 10. Absent specific allegations that Safe Life's alleged Lanham Act violations were purposefully aimed at this forum, specific personal jurisdiction is improper. *Revell v. Lidov*, 317 F.3d 467, 475 (5th Cir. 2002) (finding false information posted on the Internet that was not directed specifically at Texas insufficient for a finding of specific personal jurisdiction.)

    **C.**    **The Exercise of Jurisdiction Over Safe Life Is Patently Unreasonable**

It is indisputable that Safe Life is not "at home" in Texas and exercising general jurisdiction over Safe Life would be improper. If Plaintiffs could establish the first two prongs of specific jurisdiction (which for the reasons explained above, Plaintiffs cannot in this case), then the burden shifts to Safe Life to establish a "compelling case" that the exercise of jurisdiction would not be reasonable. *Wien Air Alaska Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

Here, assuming arguendo that Plaintiffs came anywhere close to establishing the first two prongs, the exercise of jurisdiction over Safe Life in Texas would offend traditional notions of fair

play and substantial justice, and, therefore, is unreasonable. As aptly stated by both the Supreme Court and the courts of the Fifth Circuit, one cannot purposefully avail oneself of "some forum someplace", "rather due process requires that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Revell*, 317 F.3d at 475.

To allow Safe Life to be haled into a Texas court in a lawsuit that does not allege a single act purportedly occurring in Texas violates due process at the most fundamental and basic levels.

## V.    CONCLUSION

For the reasons set forth above, Safe Life respectfully requests that this Honorable Court dismiss this action against Safe Life for a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 9, 2024 | Shackelford, McKinley & Norton, LLP |

*/s/ Martha Hardwick Hofmeister*
Martha Hardwick Hofmeister
State Bar No. 08981500

9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Tel: 214-780-1400; Fax: 214-780-1401
Email: mhofmeister@shackelford.law

Marianne G. Robak
State Bar No. 24048508

717 Texas Avenue, 27th Floor
Houston, Texas 77002
Tel: 832-415-1801; Fax: 214-780-1401
Email: mrobak@shackelford.law

**HOWARD & HOWARD ATTORNEYS**

Todd E. Kennedy, Esq. *Pro Hac Application Pending*
tkennedy@howardandhoward.con
Joanna M. Myers, Esq. *Pro Hac Application Pending*
jmm@h2law.com
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Tel: 702-667-4828; Fax: 702-567-1568

*Attorneys for Defendant Safe Life LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this the 9th day of September, 2024, a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure.

*/s/ Martha Hardwick Hofmeister*
Martha Hardwick Hofmeister