# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SAS MFG INC. and ALLAN D. BAIN, | § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Case No.: 4:24-CV-002923 |
| SAFE LIFE DEFENSE LLC, and NICHOLAS GROAT, | § § § | **ANSWER AND COUNTERCLAIM BY SAS MFG INC. AND ALLAN D. BAIN** |
| Defendants. | § § § § § | |
| | § | |
| SAFE LIFE DEFENSE, LLC, | § § | |
| Counter-claimant, | § § § | |
| v. | § § § | |
| SAS MFG INC., ALLAN D. BAIN, | § § § | |
| Counter-defendants. | § § § § § | |
| | § | |

|  | § |
| SAS MFG INC. and ALLAN D. BAIN, | § § § |
| Counter-claimants, | § § § |
| v. | § § § |
| SAFE LIFE DEFENSE LLC, | § § § |
| Counter-defendants. | § § |

Plaintiffs, Counter-defendants, and Counter-claimants SAS MFG INC., a Texas corporation ("SAS MFG"), and ALLAN D. BAIN ("BAIN") through undersigned counsel, hereby answer the Counterclaim by Defendant and Counter-claimant SAFE LIFE DEFENSE LLC ("SAFE LIFE"), a Nevada limited liability company, as follows:

1. Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and, on that basis, deny them.

2. Counter-defendants admit the allegations of paragraph 2.

3. Counter-defendants admit that Bain is the inventor of Hexar, is a principal of SAS, and he resides in the state of Texas. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 3.

4. Counter defendants admit the allegations of paragraph 4.

5. Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, deny them.

6.    Counter-defendants deny the allegations of paragraph 6.

7.    Counter-defendants deny the allegations of paragraph 7.

8.    Counter-defendants deny the allegations of paragraph 8.

9.    Counter-defendants deny the allegations of paragraph 9.

10.    Counter-defendants admit it tests its body armor products and that some of its products have enjoyed certification standards from the "NIJ." Except as expressly admitted, counter-defendants deny all other allegations of paragraph 10.

11.    Counter-defendants deny the allegations of paragraph 11.

12.    Counter-defendants deny the allegations of paragraph 12.

13.    Counter-defendants admit that after the filing of the complaint in this action, Safe Life sought to obtain a license to certain of SAS' intellectual property and did enter into a license agreement in October 2023. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 13.

14.    Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, deny them.

15.    Counter-defendants admit they entered into a Non-Disclosure Agreement with Safe Life in June 2023. Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and, on that basis, deny them. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 15.

16.    Counter-defendants deny the allegations of paragraph 16.

17.    Counter-defendants admit the allegations of paragraph 17.

18.      Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 18.

19.      Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 19.

20.      Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 20.

21.      Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 21.

22.      Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 22.

23.      Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 23.

24.      Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 24.

25.      Counter-defendants deny the allegations of paragraph 24.

26.     Counter-defendants admit Counter-claimant sent correspondence on or about January 21, 2024, that mentions sizing. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 26.

27.     Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, deny them.

28.     Counter-defendants deny the allegations of paragraph 28.

29.     Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 29.

30.     Counter-defendants deny the allegations of paragraph 30.

31.     Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 31.

32.     Counter-defendants deny the allegations of paragraph 32.

33.     Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, deny them.

34.     Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, on that basis, deny them.

35.     Counter-defendants deny the allegations of paragraph 35.

36.     Counter-defendants deny the allegations of paragraph 36.

37.    Counter-defendants deny the allegations of paragraph 37.

38.    Counter-defendants deny the allegations of paragraph 38.

39.    Counter-defendants admit the provisions of the License Agreement speaks for itself. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 39.

40.    Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, deny them.

41.    Counter-defendants deny the allegations of paragraph 41.

42.    Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, deny them.

43.    Counter-defendants deny the allegations of paragraph 43.

44.    Counter-defendants deny the allegations of paragraph 44.

45.    Counter-defendants deny the allegations of paragraph 45.

46.    Counter-defendants deny the allegations of paragraph 46.

47.    Counter-defendants incorporate their response to allegations of paragraphs 1-46 by reference.

48.    Counter-defendants deny the allegations of paragraph 48.

49.    Counter-defendants deny the allegations of paragraph 49.

50.    Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, deny them.

51.     Counter-defendants deny the allegations of paragraph 51.

52.     Counter-defendants admit that they sell products nationwide. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 52.

53.     Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, deny them.

54.     Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, deny them.

55.     Counter-defendants incorporate their response to allegations of paragraphs 1-54 by reference.

56.     Counter-defendants admit they have advertised their products. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 56.

57.     Counter-defendants admit that certain of their products are tested where applicable. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 57.

58.     Counter-defendants deny the allegations of paragraph 58.

59.     Counter-defendants deny the allegations of paragraph 59.

60.     Counter-defendants admit it sells products nationwide. Except as expressly admitted, counter-defendants deny all other allegations of paragraph 60.

61.    Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and, on that basis, deny them.

62.    Counter-defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and, on that basis, deny them.

## AFFIRMATIVE DEFENSES

63.    Counter-claimants' claims fail to state a claim upon which relief may be granted.

64.    Counter-claimant lacks standing to assert the claims in its counterclaim.

65.    Counter-claimant's claims are barred in whole or in part by the doctrines of waiver and slash or estoppel.

66.    SAS' advertising did not mislead, nor is it likely to mislead, any customers of Safe Life.

67.    Counter-claimant's damages, which are denied to exist at all, are wholly speculative.

68.    Counter-claimant's claims are barred, in whole or in part, as a result of their own conduct and violation of the Lanham act, among other laws, and their misrepresentation of both the size and weight of their products.

69.    Counter-claimant failed to mitigate its damages.

70.    Counter-claimant's claims are barred in whole or in part by the statute of limitations.

71. Counter-claimant's equitable claims are barred, in whole or in part, as a result of laches.

72. Counter-claimant's equitable claims are barred, in whole or in part, as a result of Counter-claimant's own unclean hands arising from their own unfair competition, false advertising, and other conduct.

WHEREFORE, counter-defendants pray:

73. That counter claimants take nothing by way of their counterclaim;

74. That counter defendant be awarded the reasonable attorneys fees and costs; and

75. For such other relief the court deems just and proper.

## COUNTERCLAIMS

76. Plaintiffs, Counter-defendants, and Counter-claimants SAS MFG INC., a Texas corporation ("SAS MFG"), and ALLAN D. BAIN ("BAIN") bring this action against Defendant, Counter-claimant, and Counter-defendant SAFE LIFE DEFENSE LLC ("SAFE LIFE"), a Nevada limited liability company, and alleges the following:

## THE PARTIES

77. SAS MFG INC. d/b/a Stealth Armor Systems ("SAS") is a Texas corporation with its principal place of business at 1306 FM 1092 Ste 507, Missouri City, TX 77459.

78. SAS manufactures and sells HEXAR™ flexible rifle armor and has the earliest known patent filing date of October 21, 2014, for this concept in

flexible rifle armor and has been manufacturing this type of product since early 2015.

79.    Allan D. Bain ("BAIN") is a resident of Texas, the inventor of the Hexar System, and has an interest in the patent described herein.

80.    Defendant, Counter-claimant, and Counter-defendant SAFE LIFE is a Nevada corporation with its principal place of business at 1379 Raiders Way. Henderson, NV 89052.

## JURISDICTION AND VENUE

81.     This Court has subject matter jurisdiction over the entire action pursuant to 12 USC § 1125 and 28 USC §§ 1331 and 1338 because it arises under the federal Lanham Act. Additionally, pursuant to 28 USC § 1332, there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000. This Court has supplemental jurisdiction pursuant to 28 USC §1367(a) for all other claims asserted in this Answer and Counter-Claim because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

## FACTS

82.    Effective October 27, 2023, SAS and SAFE LIFE entered into a written contract (the "License Agreement") providing SAFE LIFE an exclusive license to certain SAS's patented flexible rifle-rated armor technology and related product lines. As part of the License Agreement, SAS was to provide 3 samples of Hexar-branded Licensed Product for "testing, marketing, and research purposes."

83.    SAS and Bain delivered to SAFE LIFE at least 18 samples of Hexar-branded Licensed Product existing as of the date of the agreement for "testing, marketing, and research purposes." Pursuant to the License Agreement, SAFE LIFE was allowed to perform its own independent quality control tests of the samples. SAS and BAIN are informed and believe, and thereon allege, that SAFE LIFE either did conduct independent quality control tests of the samples or had the ability to conduct quality control tests of the samples, but chose not to do so.

84.    Pursuant to the Agreement, SAFE LIFE made the initial non-refundable deposit but has not made any subsequent payments, claiming that SAS has not provided the 3 samples of Hexar-branded Licensed Products, even though SAS did deliver at least 18 panels of Hexar armor plates.

85.    On or about March 28, 2024, SAS assigned the underlying Hexar patent to Plaintiff, Counter-defendant, and Counter-claimant BAIN. The License Agreement was similarly assigned to BAIN in light of the assignment of the patent.

## Cause Of Action: Breach of Contract

86.    The foregoing paragraphs 76-85 are incorporated herein by reference.

87.    The License Agreement is a valid, enforceable contract between SAFE LIFE and SAS.  SAS, in turn, assigned the agreement to BAIN.

88.    SAS and BAIN have performed the contractual obligations required of them, and all conditions precedent have been performed or have occurred, except those excused by the conduct of SAFE LIFE.

89.    SAFE LIFE breached the contract by failing to make payments pursuant to the timetable in the License Agreement.

90.    The breaches of the License Agreement by SAFE LIFE have caused SAS and BAIN damages.

## CAUSE OF ACTION: DECLARATORY JUDGMENT

91.    The foregoing paragraphs 76-85 are incorporated herein by reference.

92.    A justiciable controversy exists between SAS and BAIN, on the one hand, and SAFE LIFE, on the other, whether SAFE LIFE has complied with the License Agreement by failing to pay the license fees in light of the fact that SAS and BAIN have provided at least 18 product samples when the License Agreement only calls for 3.

93.    A justiciable controversy also exists between SAFE LIFE and SAS as to their respective obligations under the License Agreement.

94.    All conditions precedent have been performed or have occurred or have been excused by the conduct of SAFE LIFE.

95.    SAS and BAIN request declaratory judgment that SAFE LIFE has failed to comply with its obligation to pay license fees.

## PRAYER FOR RELIEF

SAS and BAIN pray judgment against SAFE LIFE as follows:

96.    Actual damages based on SAFE LIFE's breaches of the License Agreement;

97.    Declaratory judgment that SAS and BAIN have complied with their obligations under the License Agreement,

98.    Declaratory judgment that SAFE LIFE is obligated to pay SAS and/or its assignees fees under the License Agreement;

99.   Costs of suit and attorneys' fees; and

100.   Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

June 24, 2025                                    SAIKI LAW GROUP APC

By:   /s/ Eric H. Saiki
      Eric H. Saiki, *Pro Hac Vice*
California Bar No. 155762
SAIKI LAW GROUP APC
21515 Hawthorne Blvd.,
Suite 200
Torrance, CA 90503
Telephone:  (310) 698-0600
Facsimile:   (310) 698-0601
E-mail: eric@saikilawgroup.com

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 24, 2025, a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure.

/Eric H. Saiki /
Eric H. Saiki