**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SAS MFG INC. and ALLAN D. BAIN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **Case No.: 4:24-cv-002923** |
| v. | § | |
| | § | **REPLY IN SUPPORT OF MOTION TO** |
| SAFE LIFE DEFENSE LLC, and | § | **DISMISS COUNTER-COUNTER** |
| NICHOLAS GROAT, | § | **CLAIM** |
| | § | |
| Defendants. | § | |
| SAFE LIFE DEFENSE, LLC, | § | |
| | § | |
| Counter-claimant, | § | |
| | § | |
| v. | § | |
| | § | |
| SAS MFG, INC., ALLAN D. BAIN, | § | |
| | § | |
| Counter-defendants. | § | |
| SAS MFG, INC. and ALLAN D. BAIN, | § | |
| | § | |
| Counter-counter | § | |
| claimants, | § | |
| | § | |
| v. | § | |
| | § | |
| SAFE LIFE DEFENSE, LLC, | § | |
| | § | |
| Counter-counter | § | |
| defendant. | § | |

Safe Life Defense, LLC ("Safe Life") submits the following Reply in support of its motion to dismiss the "counter-counter claims" asserted by SAS MFG, Inc. ("SAS") and Allan D. Bain ("Bain").

## I.    INTRODUCTION

In opposing the dismissal of the Counter-counter claims they assert, SAS/Bain rely on the fact that here, Bain has inserted himself as a party, when it is obvious from the License Agreement that Bain is not a party to that agreement (and, hence, why he was not named in the State Court Action). Their naming him as a counter-counter claimant here is simply procedurally improper. The Counter-counter claim merely alleges cryptically he has an "interest in the Patent."  Whatever they are attempting to allege, that does not establish legal standing to sue Safe Life on a contract to which Bain is not a party.  He is free to join the State Court Action if he believes he has rights under the contract but that might prove difficult in light of License Agreement Section 15.16.

As for the fact that the License Agreement is mentioned in Safe Life's counter-claim, Safe Life discussed the License Agreement to explain and provide context for how it became aware of SAS/Bain's history of falsely representing SAS's products to consumers. But the claims asserted are federal Lanham Act false advertising claim, not claims asserting Safe Life's rights under contract.

Then, in a breathtaking demonstration of projection, SAS/Bain accuses Safe Life of forum shopping, despite the fact that Safe Life (1) brought the contract action *months* before this action was asserted; and (2) complied with the mandatory forum selection provision.

As for whether or not the counter-counter claims are compulsory, they are not. SAS/Bain's own conduct demonstrates they knew that, until it became expedient to argue they were compulsory in response to the Motion. If they were compulsory, then *SAS and or Bain* (but again his standing is questionable) were compelled to assert their federal law Lanham Act claims as compulsory counterclaims there.

/ / /

## III.    ARGUMENT

### A.    The Mandatory Forum Selection Provision Should Be Enforced

It is rather astonishing that SAS/Bain would argue that because Safe Life elected to actually sue *its contracting party*, SAS, in the State Court Action, but in this action Bain (improperly) has added himself to the Counter-counter claims alleging, it appears, personal claims of breach (for which he has alleged no basis other than to say he has an some undescribed "interest" in the patent, which is not an allegation that he is a party to the License Agreement entitled to enforce it), that somehow the forum selection provision cannot be enforced. *See* Counter-counter claims at ¶79. *S. Tex. Water Auth v. Lomas,* 223 S.W.3d 304 (Tex. 2007)(non-party lacks standing to sue for breach of contract); *Maddox v. Vantage Energy, LLC,* 361 S. W. 3d 752, 756-57 (Tex. App. 2012) (same).[1] If he is claiming he has enforceable rights under the License Agreement, then he is, necessarily, bound by the mandatory section provision.[2]

---

[1]    *See also*, *Weatherford Int'l v. Binstock*, 452 F.Supp.3d 561 (S.D. Tex. 2020) ("To establish standing to sue for breach of contract, 'the plaintiff must either be in privity of contract with the defendant or be a third party beneficiary entitled to enforce the contract."). *Weatherford* also found that a non-party to a contract can be subject to the contract's forum selection clause when that person was "closely related" to a party to the contract and a participant in the transaction  *Id.* at 570-71. Bain signed the License Agreement as SAS's "Chief Operating Officer" and has admitted in papers filed with this Court he is SAS's *sole* director. *See* ECF No. 2.

[2]    SAS/Bain point out that they are not located in the Dallas/Ft. Worth area of Texas. Obviously, if Safe Life controlled the venue selection, it would have specified Las Vegas, Nevada, as the forum, but agreed to SAS's insistence on Texas as the exclusive venue. But even if SAS's offices are not located in Dallas, SAS insisted on a Texas venue and agreed to the provision contained in the License Agreement. The minor inconvenience to SAS pales in comparison to the burden put on Safe Life, and there is nothing about the forum selection that makes is so burdensome or inconvenient to give grounds for not enforcing it. *See*, *Capacitive Deionization Tech Sys. Inc. v. Water & Sand Int'l Cap. Inc.,* 2008 US Dist. Lexis 53944 at *9-14 (N.D. Tex. 2008) (forum selection specifying mandatory forum in Delaware enforceable notwithstanding lack of significant connection to underlying claims cost and convenience alone insufficient to invalidate contractual forum selection); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972) (The party resisting enforcement of a forum selection clause bears a "heavy burden of proof" to show the clause is unreasonable.). "A forum selection provision in a written contract is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be

4938-4658-5690, v. 1

SAS (through Bain) insisted on the mandatory venue provision. They cannot now claim it shouldn't apply to any claim arising out of that contract. Nothing prevents Bain from joining the State Court Action if he believes the adjudication of a contract between SAS and Safe Life needs his presence (which is not apparent to Safe Life, since it contracted with SAS, not Bain).

**B.    A Contractual Dispute Is Not A Compulsory Counter-Claim To Lanham Act Claims**

SAS/Bain's counter-counter claims allege breach of contract and a claim for a declaration of the rights and obligations of the parties to the contract.  This is precisely what is asserted by Safe Life in the State Court Action, only focused on SAS's failure to perform. In any contract action, the facts and relevant evidence turns on contract formation (offer, acceptance, consideration), contract language, intent of the parties if the written document is ambiguous, the conduct of the parties in terms of performance (of lack thereof) and damages as measured by the benefit of the bargain. In other words, the relevant facts all focus on *what is in the document, what its terms require (and interpretation if that is ambiguous) and, finally, whether its terms were performed and a contractual measure of damages if they were not.*

A Lanham Act false advertising claim is quite different, with different elements; it involves a very different factual inquiry, turning on very specific federal statutes. To prove a claim of false advertising under the Lanham Act, a plaintiff must establish the following five elements:

(1)     a false or misleading statement of fact about a product;

(2)     a statement which actually deceived or had the capacity to deceive a substantial segment of potential consumers;

---

unreasonable." *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995). None of the factors established by *M/S Bremen* render this provision—far more beneficial to SAS/Bain than Safe Life, unreasonable. Indeed, they don't challenge the enforceability of the provision.

(3)    a material deception in that it was likely to influence a consumer's purchasing decision;

(4)    the product was in interstate commerce; and

(5)    plaintiff had been or was likely to have been injured as a result of the statement in issue.

*See Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 462 (5th Cir. 2001); *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).

Clearly the evidentiary focus and facts look to *much* different things in a Lanham Act false advertising action. Proof turns on public statements made to the consumer public, and whether those statements are false or misleading. Next the factual and evidentiary focus turns to the effect of those alleged false or misleading public statements *on third parties*. Finally, the attention turns to whether a product is used in interstate commerce, and the measure of damages is not found in benefit of the bargain measures, but, rather, in harm directly suffered *by plaintiff* to *plaintiff's business.*

The contract-based claims are simply not compulsory. The issues of fact and law are entirely different. There is no substantial overlap in evidence. Safe Life's Lanham Act false advertising claim still must prove elements 1 though 5 above, none of which delve into the elements of a breach of contract claim. The License Agreement was mentioned in the counter-claim because it added context to how and why Safe Life knows of SAS/Bain's public lies about SAS's products. That there is some incidental overlap in facts offered for context (but which have no direct bearing on the elements of Safe Life's Lanham Act counterclaim) does not transform completely independent and separate contractual disputes into compulsory counterclaims. *See e.g., Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1136-37 (8th Cir. 1981) (although there was "some overlap," finding action to collect debt and federal Fair Debt Collection Practices Act counterclaim not compulsory counter-claims despite the underlying debt being central to both

claims); *Hutton v. Grumpie's Pizza & Subs, Inc.,* No. 07-81228-CIV, 2008 US Dist. LEXIS 37425 at * 5-6 (S.D. Fla. 2008) (counter claim by employer against employee not compulsory to an FLSA wage claim by employee, despite overlap in witnesses and both relate to employee's employment); *Banque Indosuez v. Trifinery*, 817 F. Supp. 386, 387-88 (S.D.N.Y. 1983) (claim for payment on a note, and a counterclaim for delay in processing and delivery of letters of credit not sufficiently interrelated to make the counterclaim compulsory); *Wilson v. Discover Bank*, No. 3:12-cv-05209-RBL, 2012 US Dist. LEXIS 72670 at *6 (W.D. Wash. 2012) (mere overlap of tangential issues insufficient to make counterclaims compulsory); *Alford v. State Parking Sevrs. Inc.,* No. 3:13-CV-4546-L, 2014 U.S Dist. LEXIS 171017 at *6-7 (N.D. Tex. 2014) (wage claim by employee for unpaid overtime and claims by employer for breach of non-compete, defamation and interference with contract not compulsory because they do not share the same issues of fact or law, res judicata would not apply, will rely on different operative evidence and no logical relationship despite both arising tied to the employment relationship).

And despite SAS/Bain's proclamations now that the License Agreement is "front and center" to any Lanham Act false advertising claim, SAS/Bain's actions in the State Court Action belie those incorrect contentions. Safe Life brought action in state court on May 16, 2024. *See* Motion Exh. 1-2. SAS/Bain filed this action in federal court on August 6, 2024, months later. But SAS/Bain have never asserted their federal Lanham Act claims (much less the counter-counter claims which are merely the mirror image of Safe Life's state court claims) in the State Court Action despite now claiming that they are so interrelated that the federal Lanham Act claims would be a compulsory counterclaim to an action on the License Agreement. Obviously, SAS/Bain do not believe the federal claims and the state claims overlap—their conduct for more than a year

demonstrates that. Indeed, they haven't even asserted the counter-counter claims they assert here in the State Court Action.

### C.    Their Accusation That Safe Life Is Forum Shopping Is Absurd

SAS/Bain make the claim that it is Safe Life who engaged in forum shopping. The facts say otherwise. Safe Life was the first to court—the State Court Action filed in April 2024. Safe Life complied with the contractual forum selection provision, and filed in the agreed upon and sole venue for determining claims arising out of the License Agreement. *See* Motion Exh. 5 at 15.9. When answering the independent federal claims by SAS/Bain here, Safe Life did not import its contract-based claims, because they were already proceeding, and much more advanced, in the State Court Action and they were not compulsory.

But there is no question the counter-counter claims asserted here *are unquestionably* (unasserted) compulsory counterclaims in the State Court Action. Hence, although they are *required to litigate them* in the State Court Action, SAS/Bain elected to file them *only* here. It is Plaintiffs here who are engaged in forum shopping and attempting to expand this action well beyond the narrow and focused federal Lanham Act claims, multiplying proceedings and imposing undue burden on the Court and parties.

### CONCLUSION

Whether it is enforcement of the mandatory forum selection clause, this Court's discretionary inherent authority to decline to hear a permissive counterclaim that would unduly expand and complicate the matter, or through *Brillhart* or *Colorado River* abstention (which SAS/Bain fail to address other than to mention Bain not being a party in state court, but this Court

4938-4658-5690, v. 1

should not countenance Plaintiffs attempts to add a *non-contracting party* to a contract as a party claiming breach) this Court should dismiss the counter-counter claims without prejudice.

Respectfully submitted,

**SHACKELFORD, McKINLEY & NORTON, LLP**

  /s/ Martha Hardwick Hofmeister
Martha Hardwick Hofmeister
State Bar No. 08981500
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
T: 214.780.1400 | F: 214.780.1401
Email: mhofmeister@shackelford.law
Marianne G. Robak
State Bar No. 24048508
717 Texas Avenue, 27th Floor
Houston, Texas 77002
T: 832.415.1801 | F: 214.780.1401
Email: mrobak@shackelford.law

HOWARD & HOWARD ATTORNEYS

Todd E. Kennedy, Esq. Pro Hac Application Pending
Email: tkennedy@showardandhoward.com
Joanna M. Myers, Esq. Admitted Pro Hac Vice
Email: jmm@h2law.com
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
T: 702.667.4828 | F: 702.567.1568

**ATTORNEYS FOR DEFENDANTS
SAFE LIFE DEFENSE LLC
AND NICHOLAS GROAT**

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 5th day of August 2025, a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure.

  /s/ Martha Hardwick Hofmeister
Martha Hardwick Hofmeister

4938-4658-5690, v. 1